UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

STATE OF LOUISIANA

| | |
|---|---|
| ARTIMESE FRANCOIS | CIVIL ACTION NUMBER: 2:22-cv-1424 |
| VERSUS | JUDGE |
| LOUISIANA-1 GAMING LA1 Dba BOOMTOWN CASINO AND HOTEL | MAGISTRATE |

### NOTICE OF REMOVAL

Defendant, Louisiana – 1 Gaming, A Louisiana Partnership in Commendam, (incorrectly identified as Louisiana Gaming LA1 dba Boomtown Casino and Hotel) files this Notice of Removal removing this cause from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, in which it is now pending, to the United States District Court for the Eastern District of Louisiana. This removal is predicated upon the fact that this litigation is wholly between citizens of different states, and plaintiff's Petition for Damages indicates an amount in controversy that exceeds the federal jurisdictional amount, exclusive of interest and court costs.

1.

This case was commenced in the 24th Judicial District Court for the Parish of Jefferson. Upon information and belief, the Petition for Damages was filed on April 25, 2022.

2.

The named defendant is Louisiana – 1 Gaming, A Louisiana Partnership in Commendam (Please see original Petition for Damages attached as Exhibit A).

3.

This action is one of a civil nature purporting to be a claim under the Louisiana tort law, LSA-CC Article 2315 *et seq*, and more specifically, the merchant liability statute, LSA-R.S.9:2800.6, and/or LSA-CC Article 2317.1.

4.

The Petition sets forth that the plaintiff, is a resident and domiciliary of Jefferson Parish, Louisiana.  Pursuant to the plaintiff's admissions, she is considered a resident and citizen of the State of Louisiana.

5.

Louisiana – 1, A Louisiana Partnership in Commendam is a Louisiana Partnership in Commendam.  The two and only partners that comprise Louisiana – 1 Gaming, A Louisiana Partnership in Commendam are Boomtown, LLC and Pinnacle MLS, LLC.  Both limited liability companies were formed under the laws of the State of Delaware.

6.

The only member of Boomtown, LLC, is Pinnacle MLS, LLC.   The only member of Pinnacle MLS is Pinnacle Entertainment, Inc.

7.

Pursuant to  *Harvey v. Grey Wolf Drilling, Co.,* 542 F.3rd 1077 (5th Cir. 2008), and *Turner Bors. Crane and Rigging, LLC v. Kingboard Chemical Holding, Ltd.,* 2007 WL 2848154 (MD-LA 9/24/2007), because Louisiana – 1, A Louisiana Partnership in Commendam is a partnership, its state of citizenship is determined by the eventual corporate owner of the partnership or the individual partners.  Since there are no individual partners, the partnership of Louisiana – 1

Gaming, A Louisiana Partnership in Commendam, is determined by the citizenship of its corporate owner, Pinnacle Entertainment, Inc.

8.

Pinnacle Entertainment, Inc., is a Delaware corporation with its principal place of business in Wyomissing, Pennsylvania.

9.

Pinnacle Entertainment, Inc. is a corporation. Therefore, its citizenship is determined by its place of incorporation (Delaware) and its principle place of business, (Wyomissing, Berks County, Pennsylvania). Pinnacle Entertainment, Inc., is wholly owned by Penn National Gaming., Inc.

10.

Therefore, under Federal Procedural Law, Louisiana – 1 Gaming, A Louisiana Partnership in Commendam, is considered a citizen of Delaware and Pennsylvania.

11.

The plaintiff, being a citizen of Louisiana, and the defendants being a citizens of Delaware and Pennsylvania, this case is wholly between citizens of different states.

12.

The plaintiff's Petition for Damages asserts that as a result of an incident that allegedly occurred on or about April 21, 2021, at Boomtown Casino New Orleans, the plaintiff suffered "severe personal injuries," to her buttocks, lower back and knees.

13.

The plaintiff further alleges in addition to the physical injuries noted above, mental anguish and emotional distress.

14.

While the defense denies that an incident occurred and that the plaintiff was injured, the allegation of damages set for in the Petition for Damages, specifically severe personal injuries to multiple areas of her body, indicates an amount in controversy exceeding $75,000.00.

15.

The case being wholly between citizens of different states and the amount in controversy exceeding $75,000.00, this Court has jurisdiction pursuant to 28 USC 1332.

16.

Pursuant to the 28 USC 1441, this case may be removed the United States District Court, for the Eastern District of Louisiana.

17.

Pursuant to 28 U.S.C. 1446(A), copies of all process, pleadings and orders of the court in the state action are attached hereto.

Respectfully Submitted:

**KINCHEN, WALKER, BIENVENU, BARGAS, REED & HELM, LLC**

*s/Matthew W. Pryor*
Matthew W. Pryor (#23903)
9456 Jefferson Highway
Building III, Suite F
Baton Rouge, Louisiana 70809
Telephone: (225) 292-6704
Facsimile: (225) 292-6705
Email: mpryor@kwbbrlaw.com

*Attorney for Louisiana – 1 Gaming, A Louisiana Partnership in Commendam*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing served on:

Joe D. Connelly
2800 Manhattan Boulevard
Suite C
Harvey, Louisiana 70053
jconnellylaw@gmail.com

by emailing same to the above email address, this 20th  day of May, 2022.

*s/Matthew W. Pryor*