UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARTIMESE FRANCOIS                                  CIVIL ACTION

VERSUS                                                    NO. 22-1424

LOUISIANA-1 GAMING                          SECTION "R" (1)


**ORDER AND REASONS**


Before the Court is defendant's unopposed motion for summary

judgment.[1]  For the following reasons, the Court grants the motion.


**I.    BACKGROUND**

This case arises from a slip and fall that occurred on the sidewalk as

plaintiff was entering a casino operated by defendant.[2]  Plaintiff alleges that

defendant's negligence resulted in a "wet and oily area" that caused the fall.[3]

Plaintiff filed a state court petition seeking to recover for past, present, and

future medical expenses, physical pain and suffering, mental anguish, and

emotional distress.[4]  Defendant removed the action on the basis of diversity

---

[1]    R. Doc. 17.
[2]    R. Doc. 1-3 ¶ 5.
[3]    *Id.*
[4]    *Id.* ¶ 6.

jurisdiction.[5]   Defendant subsequently filed this motion for summary judgment, alleging that plaintiff cannot prove that defendant created or had actual or constructive notice of the condition that caused plaintiff's injuries, or that there was an unreasonably dangerous substance.[6]

The Court considers the motion below.


## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).   "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).   All reasonable

---

5       R. Doc. 1.
6       R. Doc. 17-2.

inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075 (noting that the moving party's "burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence" (citations omitted)). "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party must put forth evidence that would "entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991) (internal quotation marks omitted)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the

3

moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for resolution. *See, e.g.*, *id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

In the Fifth Circuit, a district court may not grant a "default" summary judgment on the ground that it is unopposed. *Morgan v. Fed. Express Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases). Even in the context of unopposed motions for summary judgment, the movant must show that there is no genuine issue of material fact, and that it is entitled to

4

summary judgment as a matter of law. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (quoting *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). If the moving party fails to meet its burden, the Court must deny its motion for summary judgment. *Id.* In determining whether the movant has met its burden, the Court may accept its evidence as undisputed. *Morgan*, 114 F. Supp. 3d at 437 (quoting *UNUM Life Ins. Co. of Am. v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002)).

## III.  DISCUSSION

Plaintiff's petition seeks to recover only under Louisiana's general negligence law, which provides that "[e]very act . . . of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. Code Ann. art. 2315(A). Under the duty-risk analysis employed by Louisiana courts, the plaintiff has the burden of proving (1) duty, (2) breach, (3) factual causation, (4) legal causation, and (5) damages. *Fountain v. Wal-Mart Stores, Inc.*, 2978 So. 3d 100, 105 (La. App. 3 Cir. 2020). But because defendant is a merchant under Louisiana law, *Richardson v. Louisiana-1 Gaming*, 55 So. 3d 893, 895 (La. App. 5 Cir. 2010), plaintiff's claim must be analyzed under the Louisiana merchant liability statute, La. Rev. Stat.

§ 9:2800.6.  Under this statute, when a plaintiff sues a merchant for damages as a result of a fall due to a condition in or on the merchant's premises, he or she has the burden of proving that (1) the condition presented an unreasonable risk of harm to the plaintiff and that risk of harm was reasonably foreseeable, (2) defendant either created or had actual or constructive notice of the condition which caused the damage prior to its occurrence, and (3) defendant failed to exercise reasonable care.  La. Rev. Stat. § 9:2800.6(B).  These elements are in addition to all of the other elements of plaintiff's negligence action.  *Id.*; *Broussard v. Retail Inv'rs of Tex., Ltd.*, 123 So. 3d 912, 915 (La. App. 3 Cir. 2013).  The failure to establish any one of the eight elements above is fatal to plaintiff's claim.  *Broussard*, 123 So. 3d at 915.

Defendant contends that it is entitled to summary judgment because plaintiff cannot prove that (1) defendant created or had actual or constructive notice of the alleged condition, or (2) the substance on the sidewalk created an unreasonably dangerous condition.  Because the Court finds that plaintiff has failed to raise a material issue of fact on whether defendant created or had actual or constructive notice of the alleged condition, and because this finding independently precludes recovery by the plaintiff, the Court declines to consider the second argument.

Plaintiff could sustain her burden under section 9:2800.6 by pointing to evidence creating a material issue of fact indicating that (1) defendant created the alleged condition, (2) defendant had actual notice of the condition, or (3) defendant had constructive notice of the condition. There is some evidence tending to show that the alleged wet condition of the sidewalk was created by maintenance or construction work, but plaintiff and her daughter, who was with her at the time of the fall, testified that they did not know whether this work was conducted by the casino or by municipal authorities.[7] Thus, plaintiff has produced no evidence that defendant created the alleged condition. Further, there is no evidence in the record to show that defendant had actual notice of the condition.

To show constructive notice, a plaintiff must show that the condition existed for a sufficient period of time before the alleged accident. *Bell o/b/o Cox v. Big Star of Tallulah, Inc.*, 326 So. 3d 364, 371 (La. App. 2 Cir. 2021). This is "an onerous burden." *Scott v. Dillard's, Inc.*, 169 So. 3d 468, 472 (La. App. 5 Cir. 2015). Here, plaintiff testified that she did not know how long the liquid had been on the sidewalk, and that she did not see it before she fell.[8] *See Batiste v. United Fire & Cas. Co.*, 241 So. 3d 491, 498 (La. App. 5 Cir.

---

[7]   R. Docs. 17-3 at 37 & 17-4 at 13-14.
[8]   R. Doc. 17-3 at 38-47.

2018) ("A plaintiff who merely shows that the condition existed, without an additional showing that the condition existed for some time prior to the fall, has failed to carry the burden of proving constructive notice as mandated by [section 9:2800.6].").  Nor has the plaintiff pointed to any other evidence raising an issue of material fact concerning how long the wet condition existed before plaintiff's fall.  The Court thus finds that plaintiff has not met her burden to show a genuine issue of material fact regarding notice. Accordingly, summary judgment must be granted.


## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment.  Plaintiff's claims are DISMISSED WITH PREJUDICE.


New Orleans, Louisiana, this __29th__ day of September, 2023.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE